R. E. DOIDGE, Appellee, v. ROBERT F. ALLEY, Appellant.

PLEADING: Issues, Proof, and Variance.  A naked plea of a ''loan'' of money is properly supported by evidence that plaintiff bought a farm of defendant and made a payment thereon under an agreement that, if a named event did *not* happen, plaintiff would not take the land, and the payment should be considered a ''loan'' to defendant.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

DECEMBER 21, 1920.

ACTION by plaintiff to recover from defendant on account of money claimed to have been loaned by him to the defendant. Defendant appeals from judgment entered against him.—*Affirmed.*

*Miller, Kelly, Shuttleworth & Seeburger*, for appellants.

*Clark, Byers & Hutchinson*, for appellee.

ARTHUR, J.—This is an action at law to recover money alleged to have been loaned by the plaintiff to the defendant.   The petition alleges that, on January 9, 1914, plaintiff loaned to the defendant $6,500, paid by checks; that defendant is entitled to certain credits; and that a balance in the amount of $4,500, with

interest thereon, remains due. Defendant's answer was a general denial.

A jury was waived, and the case tried to the court. After hearing the evidence, the court found for the plaintiff in the amount of $3,500. At the request of the parties, the court made findings of fact. The findings of the court are as follows:

"The court finds the facts to be that, on or about the 9th day of January, 1914, the plaintiff and defendant entered into a written contract, by the terms of which the plaintiff purchased of the defendant a certain tract of land in Hale County, Texas, a copy of which contract was introduced in evidence, marked Exhibit 1.

"The court further finds the facts to be that said contract was not to become effective until the plaintiff had inspected the said land, and unless the plaintiff sold a certain tract of land which he then owned, situated in Emmet County, Iowa, on which a deal for the sale of the same was pending at the time.

"The court further finds that, at the time of the execution of said contract, that the plaintiff made and delivered to the defendant two checks, one for $1,500 and one for $5,000, it being agreed between the plaintiff and the defendant that, in event the plaintiff sold his Emmet County, Iowa, land, and the lands in Texas were satisfactory after an inspection of the same, that the two checks of the total sum of $6,500 should be considered as payment of the $6,500 payment provided for in the contract, Exhibit 1, heretofore mentioned; but that, in the event the lands were not satisfactory on inspection, or the sale of the Emmet County, Iowa, land was not consummated, that then and in that event the said $6,500 should constitute and become a loan to the defendant.

"The court finds that the deal whereby the plaintiff was selling the Emmet County land was not closed, and that, because the same was not closed, the contract Exhibit 1 became and was ineffective and of no binding force and effect, as between the plaintiff and defendant, and that the said $6,500 so paid by the plaintiff to the defendant, as aforesaid, did become and was, in fact, a loan to the defendant by the plaintiff.

"The court further finds that the defendant, during the year 1914, repaid to the plaintiff the sum of $1,500, and, in addition thereto, during the year 1914 the defendant, at the request of the plaintiff, and in his interest and behalf, paid for the plaintiff the sum of $910 interest on a certain $13,000 mortgage on certain other lands which the plaintiff had purchased of the defendant some time prior thereto. In addition thereto, the defendant paid for the plaintiff the sum of $185 interest on another $4,500 mortgage; that the defendant also paid for the plaintiff an amount to cover certain expenses in fencing, also certain taxes, and advanced to the plaintiff's brother $100, at the request of the plaintiff. The total of all sums paid by the defendant for and at the request of the plaintiff being in the sum of approximately $1,500.

"Wherefore, the court finds that the defendant is entitled to a credit of $3,000 on the $6,500 loaned to defendant by the plaintiff, leaving a balance of $3,500 due the plaintiff, together with accrued interest thereon."

On the trial, plaintiff testified that he loaned, as he claims, $6,500 to defendant; and that he furnished the money by giving defendant one check for $5,000 and another check for $1,500, which checks were introduced; and that the checks were paid out of his account. At that juncture, on cross-examination, the plaintiff was confronted with a contract for the purchase of real estate, signed by plaintiff and defendant, as follows:

"This agreement made and entered into this the 9th day of January, 1914, A. D., by and between Robert F. Alley, party of the first part, and R. E. Doidge, party of the second part, is to witness:

"That first party has sold and does hereby agree to convey or cause to be conveyed to second party, by good and sufficient deed with good merchantable title, the following described tract of land lying and being situated in Hale County, Texas, to wit:

"Sections seven and eight, Block 0, and Section twelve in Block J. D. containing 284 acres more or less, containing in all 1,574 acres of land for a total consideration of $27,545. And second party agrees to pay said consideration for said land as follows: $6,500 at signing hereof, earnest money to bind this trade, to constitute part of the cash payment when trade is con-

summated, $2.00 in addition to said earnest money when deed is delivered. And the balance in two payments as evidenced by vendor's lien notes, to be assumed by second party, of even date of deed, bearing interest at the rate of six per cent per annum from their date, stipulating for the usual attorney's fees, and payable to the first party, or to any person designated by first party, at Plainview, Texas, and being for amounts and falling due as follows:

"No. 1 for the sum of ⎫ $15,000.00 and payable in 3 and
"No. 2 for the sum of ⎭ 5 years dated August 1st-13.

"I hereby agree to take the R. E. Doidge property on Otley Avenue, at $4,000, and Austin Howard property on West Second Street, consisting of 3 lots and buildings at $4,000, also ¼ of Section 33 in Block A-1 Hale County, Texas, at $30 per acre.

"The second party also assumes the obligation to the state for the original purchase money for said land.

"It is further expressly agreed that first party shall, within 30 days from this date, furnish complete abstract of title showing good and merchantable title to said land, which abstract shall be approved by attorneys at Plainview, Texas, attorney for second party, and execute or cause to be executed, good title to second party; and second party shall, within 30 days after such abstract is approved by said attorney, pay the balance of said cash payment and execute said notes, and if he shall refuse or fails so to do, then said earnest money is forfeited to first party as liquidated damages, but if said title should not be good and merchantable then said earnest money is to be returned to second party.

"All obligations under this contract are performable at the First National Bank of Plainview, Texas."

The plaintiff testified, in substance, that, at the time the contract was signed, it was agreed between him and the defendant that, in the event that he sold his Emmet County land, and the Texas land, after an inspection, was satisfactory, then the $6,500 which he furnished to the defendant by the two checks should be considered as payment of the $6,500 payment provided in the contract; but that, in the event that the Texas land was *not* satisfactory, upon inspection, or the sale of the Emmet

County, Iowa, land was *not* consummated, then the $6,500 so furnished by plaintiff to the defendant should be only a loan, and not a payment on the contract. This testimony was received over the objection of the defendant that it was immaterial and irrelevant to any issue joined; that the admission of such evidence was, in effect, to permit the plaintiff to introduce evidence to prove a loan of money, when the money was actually paid on the land contract.

Defendant assigns as error the refusal of the court to exclude this testimony introduced by plaintiff; and alleges that plaintiff had tendered no issue to constitute a basis for the admission of this evidence.

At the close of plaintiff's testimony, defendant moved for a judgment in his favor, on the ground that there was a fatal variance between plaintiff's petition and the proof; and appellant assigns as error the overruling of the motion.

Now, was there a variance between the pleading and proof? The trial court found, as a fact, that, at the time the contract was signed, it was agreed that it should become a contract for the sale of the land therein described only in the event that the Texas land should prove satisfactory on inspection, and that a certain deal that the plaintiff had on his Emmet County, Iowa, land should be consummated; and that, in the event that the Texas land did not prove satisfactory on inspection, or the Emmet County, Iowa, land deal should not be consummated, the instrument would not be a contract of sale, and the money furnished by the plaintiff to the defendant would be treated as a loan of money from the plaintiff to the defendant. If such findings of the court are sustained by the evidence, then the ultimate finding of the court, that the $6,500 furnished by the plaintiff to the defendant was a loan, is a correct finding. And if such finding is correct, good pleading did not demand more than the plaintiff set forth in his petition: namely, that he had furnished to the defendant $6,500 as a loan; and the manner of delivering the money to him; and that it had not been returned to him, except in the amount of certain credits. True, plaintiff might have pleaded the signing of the land contract and the facts avoiding the instrument, as showing that the $6,500 was, in fact, furnished by the plaintiff to the defendant

as a loan, and not as a payment on the contract. But such circumlocution of pleading was not required. If plaintiff's contention is correct, and the court found that it was, the instrument signed never became a contract, and could not be used as the basis of a suit. On the trial, defendant brought forth the instrument which he claims was a completed contract, and which the plaintiff claims never became a contract. When defendant introduced this instrument, under a general denial, it was the privilege and right of the plaintiff then to introduce evidence of the agreement entered into between the plaintiff and the defendant, at the time of the signing of the instrument, respecting the $6,500 mentioned in the instrument furnished by the plaintiff to the defendant.

We think there was no variance between the pleading and the proof.

Defendant, as a witness, denied that the $6,500 was furnished him as a loan, and claims that it was a payment on the contract. But what he did after the contract was signed, and what he said in his letters to Doidge, do not bear out his theory, but rather show that he himself treated the money furnished to him as a loan. Indeed, he paid back to plaintiff $3,000 of the $6,500. In a letter dated March 25, 1914, defendant wrote plaintiff, among other things:

"I can refund you only $3,000 of the $6,500, but think I can handle or turn the land a little later, and get the other $3,500 out."

Defendant did pay the $3,000 in several items. In his letters to plaintiff, defendant kept urging plaintiff to go forward with the deal; but in these letters he does not suggest that the plaintiff is under obligation, by contract, to go forward with the deal. In the letter of March 25, 1914, Alley wrote the plaintiff, Doidge, not denying that he owed the money, but saying:

"Now as to our deal. I do not see how we can keep from completing it without losing some money, and I can refund you only $3,000 of the $6,500; but I think I can handle or turn the land a little later, and get the other $3,500 out."

He further said:

"If you had said something like this when you were here, I would have been in much better shape to handle this land,

and would have canceled your contract. I think you better go ahead with the deal; and if you see this fall you do not want it, I feel quite sure we can turn it; but let me know at once what you want to do. If the deal stands much longer, I will not be in position to refund anything. The deeds and abstracts have been made for some time. I do not see how you could lose anything on this tract of land. I want to do the very best thing possible for you, but have depended upon you to take this land, and have made my arrangements that way. Since I have $3,000 that I can turn back to you, and your commission on a few splendid deals I feel sure of making would come near paying you, though I should fail to turn the land.''

In this letter, there is no denial that Alley borrowed the money; but it was a proposition that he would pay the $3,000 at that time, and that he would allow Doidge's commission on some proposed deals which would come near paying him (Doidge), even though Alley failed to turn the land. Doidge did not accept that proposition, but continued to write for his money; and, on May 24, 1914, Alley again wrote to Doidge, expressing his willingness to pay the $3,000, but wanting to retain it for 60 or 90 days, and pay 8 per cent interest on it.

Defendant's contention that there is a fatal variance between the evidence and plaintiff's petition is based on his claim that the instrument signed became a binding and effective contract, and that the plaintiff should have brought his suit to recover the money paid on his contract. But if the finding of the court is correct, the contract never became effective, and was not intended to be effective, except upon an inspection of the Texas land, and except upon the plaintiff's receiving the money on the contract from the Emmet County land. We think the court was warranted in finding that the money furnished by the plaintiff to the defendant was, in fact, a loan, and was never intended to be applied, and never was applied, as a part of the purchase price of the land described in the conditional contract.

We have carefully examined the record, and come to the conclusion that the evidence, by a preponderance, sustains the

findings of the court. And, too, such findings, in this action at law, have the force and effect of a verdict of a jury.

The judgment of the lower court is—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.